UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW J. JOHNSTON, SR.,

                        Plaintiff,

v.                                           6:23-CV-975
                                                      (GTS/ATB)

ROBERT L. BAUER, et al.,

                        Defendants.
_____

MATTHEW J. JOHNSTON, SR., Plaintiff, pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Matthew J. Johnston, Sr. (Dkt. Nos. 1, 2). Plaintiff has also filed what this court construes to be a motion to appoint counsel.[1] (Dkt. No. 6).

**I.**     **IFP Application**

    Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application and supporting documents, this court finds that plaintiff is financially eligible for IFP status.

    However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall

---

[1] In his letter to the court, plaintiff requests an "application for appointment of attorney." (Dkt. No. 6).

1

dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

    In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915.  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward pro se litigants and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

    To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

In addition, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff purports to sue the named defendants pursuant to 42 U.S.C. § 1983, as well as pursuant to "the right to pro-se" and "criminal contempt of court." (Complaint ("Compl.") at 1) (Dkt. No. 1). The named defendants include Oneida County Court Judge Robert L. Bauer, Oneida County District Attorney Scott McNamara, and Oneida County Public Defenders Tina Hartwell and Adam Tykinski. (*Id.* at 2-3).

According to the complaint, on January 11, 2023, plaintiff was "wrongfully arrested" by the Utica Police Department for Manslaughter in the Second Degree and Possession of a Weapon in the Third Degree. (Compl. at 4). Plaintiff was not arraigned in city court, but "instead was taken to the Oneida County Correctional Facility where during the arraignment proceeding [he] legally discharged the representations of the Oneida County Public Defender['s] Office." (*Id.*). On January 13, 2023, during

3

plaintiff's "felony hearing," the public defender's office "misrepresented [itself] by telling [plaintiff]/leading [plaintiff] to believe that his family sent them." (*Id.*).

At a court proceeding on March 2, 2023, a motion filed by plaintiff was not heard, but instead plaintiff was "made aware of . . . an indictment proceeding, where [plaintiff] was allowed to testify, participate or pro-se [his] claim of a corrupt local government." (Compl. at 5). Liberally construed, it appears that plaintiff is alleging that despite a court order from the "Chief Administrative Law Judge," the defendants "willfully criminally committed acts of criminal contempt of court for" refusing to allow plaintiff to proceed pro se in his criminal action. (*Id.*). Plaintiff claims that he was denied discovery, and had to "once again legally discharg[e]" the public defender's office from representing him. (*Id.*). Plaintiff also alludes to, without explanation, purported criminal acts performed by a non-party Utica County fireman and two non-party Utica Police Officers. (*Id.* at 5-6).

As relief, plaintiff appears to ask that this court "compel" the defendants to "comply with the sufficient discovery disclosure rule laws & policy," "appoint a special attorney & special prosecution," and award him $500,000.00 in damages. (Compl. at 7).

# DISCUSSION

### III. <u>Sovereign and Judicial Immunities</u>

The complaint must be dismissed as against Oneida County Court Judge Bauer, because he is immune from suit. The Second Circuit has ruled that "the New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Similarly, judges within the New York State Unified Court System are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacity. *See Aron v. Becker*, 48 F. Supp. 3d 347, 366 (N.D.N.Y. 2014) (dismissing claim against a Delaware County judge on sovereign immunity grounds). Accordingly, plaintiff cannot maintain his claims against Judge Bauer in his official capacity.

Plaintiff's claims asserted against Judge Bauer in his individual capacity are also subject to dismissal, on judicial immunity grounds. *See, e.g., Washington v. Ciccone*, No. 3:21-CV-0564 (MAD/ML), 2021 WL 2935950, at *4 (N.D.N.Y. July 13, 2021) (Judicial immunity "shields judges from suit to the extent they are sued in their individual capacities[.]"), *report and recommendation adopted*, 2021 WL 4859663 (N.D.N.Y. Oct. 19, 2021). It is well settled that judges have absolute immunity for their judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Shtrauch v. Dowd*, 651 F. App'x 72, 73-74 (2d Cir. 2016) ("Generally, 'acts arising out of, or related to, individual cases

before the judge are considered judicial in nature'") (quoting *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009)); *Kim v. Saccento*, No. 21-2865, 2022 WL 9583756, at *2 (2d Cir. Oct. 17, 2022), *cert. denied*, No. 22-732, 2023 WL 2959393 (U.S. Apr. 17, 2023) ("the actions that [plaintiff] complains of – adverse decisions in a criminal proceeding – are plainly judicial in nature"); *Root v. Liston,* 444 F.3d 127, 132 (2d Cir. 2006) (judges who set bail enjoy absolute immunity) (collecting cases). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." *Coon v. Merola*, No. 1:19-CV-394 (DNH/ATB), 2019 WL 1981416, at *3 (N.D.N.Y. Apr. 8, 2019) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976))), *report and recommendation adopted*, 2019 WL 1978595 (N.D.N.Y. May 3, 2019). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.' " *Id.* (quoting *Mireles*, 502 U.S. at 11-12).

      Here, plaintiff has failed to plausibly allege that Judge Bauer was acting outside of his judicial capacity or in the absence of jurisdiction.  The allegations against Judge Bauer, liberally construed, pertain to his conduct and decisions while presiding over plaintiff's criminal proceeding.  In the absence of any allegation suggesting that the general rule regarding judicial immunity can be overcome, the court recommends dismissing with prejudice the complaint as against Judge Bauer in his individual

6

capacity. *See Edwardsen v. Aloi*, No. 5:17-CV-00202 (LEK/TWD), 2017 WL 1283496, at *3 (N.D.N.Y. Mar. 3, 2017) (recommending dismissal with prejudice on judicial immunity grounds), *report and recommendation adopted*, 2017 WL 1283763 (N.D.N.Y. Apr. 5, 2017).

### IV. <u>Prosecutorial Immunity</u>

The complaint is also subject to dismissal as against district attorney ("DA") McNamara. The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy. *Anilao v. Spota*, 27 F.4th 855, 863-64 (2d Cir. 2022) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). In *Anilao*, the Second Circuit explained:

> Our cases make clear that prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987)(quotation marks omitted). The immunity covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, a prosecutor enjoys absolute immunity when determining which offenses to charge, initiating a prosecution, presenting a case to a grand jury, and preparing for trial. *See id.*; *Imbler*, 424 U.S. at 431, 96 S. Ct. 984 (concluding that a prosecutor is absolutely immune from a § 1983 suit for damages based on his "initiating a prosecution and . . . presenting the State's case"). For that reason, we have held that absolute immunity extends even to a prosecutor who "conspir[es] to present false evidence at a criminal trial. The fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because the

>immunity attaches to his function, not to the manner in which he performed it." *Dory*, 25 F.3d at 83 (cleaned up).

*Id.* at 864.  See also *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir.1995) (holding that absolute prosecutorial immunity protects a prosecutor for advocacy in connection with a bail application).

"By contrast, prosecutors receive only qualified immunity when performing 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.' " *Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "Investigation, arrest, and detention have historically and by precedent been regarded as the work of police, not prosecutors, and they do not become prosecutorial functions merely because a prosecutor has chosen to participate." *Id*. (interior quotation marks and citations omitted); *see Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012) (" '[A]ctions taken as an investigator enjoy only qualified immunity.' ") (quoting *Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000)). "Under a functional approach, actions are not shielded by absolute immunity merely because they are performed by a prosecutor. 'A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.' " *Giraldo*, 694 F.3d at 166 (quoting *Buckley*, 509 U.S. at 273).

Plaintiff's allegations against DA McNamara are vague and confusing, but appear to complain that DA McNamara, along with the other defendants, is "criminally" liable for refusing plaintiff the right to proceed pro se in his criminal

8

matter.  (Compl. at 5).  Putting aside the various other pleading issues with plaintiff's claim against DA McNamara, such as plaintiff's inability to sue under § 1983 for criminal violations, and Rule 8 deficiencies, it is clear that DA McNamara is entitled to absolute immunity for the alleged conduct associated with prosecuting plaintiff's criminal proceeding.  Accordingly, the complaint should be dismissed with prejudice as against DA McNamara.

## V.  <u>**Injunctive Relief**</u>

In addition to monetary damages, plaintiff's asks this court to compel the defendants to comply with unspecified discovery rules in his underlying criminal prosecution. (Compl. at 7).  Plaintiff also asks this court to appoint a special attorney/prosecutor, although it is unclear why. (*Id.*).  To the extent plaintiff's claims for injunctive relief are not barred by absolute immunity and/or the Eleventh Amendment, the court is nevertheless precluded from granting any injunctive relief that would interfere with an ongoing criminal case.  *See, e.g., Gristina v. Merchan*, No. 21-CV-8608, 2022 WL 1597732, at *2 (S.D.N.Y. May 19, 2022) ("*Younger* abstention provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings' " including ongoing state criminal prosecutions) (citing, inter alia, *Younger v. Harris*, 401 U.S. 37, 44-45 (1971)).

Moreover, to the extent the plaintiff asks this court to appoint a special prosecutor in relation to his criminal prosecution, "the decision whether to appoint a special prosecutor is a matter within the Attorney General's sole discretion."  *See United States v. Nix*, 256 F. Supp. 3d 272, 280 (W.D.N.Y. 2017) (citing to 28 U.S.C. §

515(a) in recognizing the court's lack of authority to appoint a special prosecutor, and noting that courts "routinely decline to grant" this type of relief) (citing *United States v. Sessa*, No. 92-CR-351, 97-CV-2079, 2011 WL 256330, at *60 (E.D.N.Y. Jan. 25, 2011) (collecting cases), *aff'd*, 711 F.3d 316 (2d Cir. 2013)); *see also United States v. Wrigley*, 520 F.2d 362, 369 (8th Cir. 1975) ("[T]he judiciary cannot, absent statutory or constitutional direction, determine the course of executive discretion . . . . The decision as to when special attorneys [a]re to be employed . . . [is] left solely to the discretion of the Attorney General."). Accordingly, plaintiff's claims for injunctive relief should be dismissed with prejudice.

## VI.  Defendants Hartwell and Tykinski

Plaintiff's claims against defendant public defenders Hartwell and Tykinski are also subject to dismissal with prejudice. Liberally construed, plaintiff purports to bring this action pursuant to § 1983 as well as for the defendants' violations of unspecified criminal laws. There is no private right of action to enforce state or criminal statutes, and plaintiff may not maintain his lawsuit against defendants Hartwell and Tykinski for their purported "criminal contempt." *See generally Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Walker v. CIBC Ltd.*, No. 20-CV-1337 (TJM/CFH), 2021 WL 3518439, at *5 (N.D.N.Y. Apr. 13, 2021) ("It appears plaintiff is either seeking the criminal prosecution of an individual or individuals or a law enforcement investigation, which is beyond this Court's jurisdiction."), *report-recommendation adopted*, 2021 WL 3204860

(N.D.N.Y. July 29, 2021); *McFadden v. Ortiz*, No. 12-CV-1244(MAD/ATB), 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) (holding that "there is no private right of action to enforce either state or federal criminal statutes.").

Moreover, a claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

With respect to defendants Hartwell and Tykinski, "it is axiomatic that a 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *7 (E.D.N.Y. Sept. 23, 2008) (citing, inter alia, *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit

under 42 U.S.C. § 1983")); *Benjamin v. Branden*, No. 21-CV-4927, 2022 WL 1092681, at *2 (E.D.N.Y. Apr. 12, 2022) (collecting cases). "Section 1983 'was enacted to redress civil rights violations by persons acting under color of State law' and should not be used by clients disappointed with the performance of their attorneys." *Brooks v. New York State Supreme Court*, No. 02-CV-4183, 2002 WL 31528632, at *3 (E.D.N.Y. Aug. 16, 2002) (citation omitted). Accordingly, plaintiff's claims against the public defenders should likewise be dismissed with prejudice to the extent they are brought under § 1983.

## VII. Opportunity to Amend

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Here, this court does not find that there is any way plaintiff could amend his allegations to cure the defects in his complaint which would allow him to sue the defendant judge, district attorney, or public defenders in this action. Thus, this court recommends dismissal of the complaint in its entirety, with prejudice.[2]

---

[2] After filing his application to proceed IFP, plaintiff sent this court a check for $50.00, which he represented was for copying fees relative to the service of his complaint. (Dkt. Nos. 4, 6). If the

VIII. **Appointment of Counsel**

Because this court is recommending dismissal, the motion for appointment of counsel is denied as moot.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED**, and it is

**RECOMMENDED**, that the district court **DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE** for failure to state a claim, and it is

**ORDERED**, that plaintiff's motion to appoint counsel is **DENIED**, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

---

district court adopts my recommendation to dismiss plaintiff's complaint with prejudice, the Clerk should be directed to return these funds to the plaintiff.

Dated: October 12, 2023

_____
Andrew T. Baxter
U.S. Magistrate Judge