UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW J. JOHNSTON, SR.,

                Plaintiff,

v.                                                                                                6:23-CV-0975
                                                                                                   (GTS/MJK)

ROBERT L. BAUER, Judge, Oneida County Court;
SCOTT McNAMARA, District Atty., Oneida Cty.'
TINA L. HARTWELL, Oneida Cty. Chief Pub. Defender;
and ADAM T. TYKINSKI, Oneida Cty. Public Defender,

                Defendants.
_____

APPEARANCES:

MATTHEW J. JOHNSTON, SR., 553204
  Plaintiff, *Pro Se*
CNY PC
P.O. Box 300
Marcy, New York 13403

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Matthew J. Johnston, Sr. ("Plaintiff") against Oneida County Court Judge Robert Bauer, District Attorney Scott McNamara, Oneida County Chief Public Defender Tina Hartwell, and Oneida County Public Defender Adam Tykinski ("Defendants"), are the following: (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's motion to proceed *in forma pauperis* be granted, and that Plaintiff's Complaint be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and (2) Plaintiff's

Objection to the Report-Recommendation. (Dkt. Nos. 7, 14.)[1]

Even when it is construed with the utmost of special liberality, Plaintiff's Objection fails to set forth a specific challenge to any portion of Magistrate Judge Baxter's Report-Recommendation. (*Compare* Dkt. No. 14 *with* Dkt. No. 7.)[2] As a result, the Court needs to subject the Report-Recommendation to only a clear-error review.[3]

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the

---

[1] On January 5, 2024, approximately seven weeks after Magistrate Judge Baxter issued his Report-Recommendation, this action was reassigned to United States Magistrate Judge Mitchell J. Katz because of Magistrate Judge Baxter's retirement. (Dkt. No. 13.)

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order t accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

facts, and reasonably applied the law to those facts. (Dkt. No. 7.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only that it would reach the same conclusion even if it were to subject the Report-Recommendation to a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk's Office shall return to Plaintiff funds in the amount of **ONE HUNDRED FIFTY TWO DOLLARS AND ZERO CENTS ($152.00)**;[4] and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: February 6, 2024
         Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[4] After filing his application to proceed *in forma pauperis*, on September 11, 2023, Plaintiff submitted to the Clerk's Office payment in the amount of $50.00 for copying fees related to the service of his Complaint. (Dkt. Nos. 4, 6, and 8.) Subsequently, on October 19, 2023, Plaintiff submitted to the Clerk's Office payment in the amount of $452.00 in filing fees. To date, a total of $502.00 has been paid to the Court by Plaintiff. The Court's filing fee for prisoner action is $350.00 with the $52.00 administrative fee being waived. For these reasons, the Clerk's Office is directed to return funds to Plaintiff in the amount of $152.00.